**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | |
|---|---|
| LAMAR DALE, individually and on behalf of all others similarly situated, </br></br>　　　　　Plaintiff, </br></br>v. </br></br>TORNADO PRODUCTION SERVICES, L.L.C., </br></br>　　　　　Defendant. | ] </br> ] </br> ] </br> ] </br> ]  JURY TRIAL DEMANDED </br> ] </br> ] </br> ]  FLSA COLLECTIVE ACTION </br> ]  29 U.S.C. § 216(b) </br> ] </br> ] |

**COLLECTIVE ACTION COMPLAINT**

SUMMARY

1.　Tornado Production Services, L.L.C ("Tornado") offers services and equipment designed to provide prepared fluids that oil and gas companies use down well. *See* http://www.tornadoservices.com/; *see also* https://www.youtube.com/watch?t=199&v=JuiYPQEbLko.

2.　To do so, Tornado employs "Hands" and "Engineers," which operate mixing plants, change out filters, remove cuttings and other drilling waste, open and shut valves, pour and test fluids, perform maintenance on equipment, use wrenches and other hand tools, and routinely do other technical and manual labor jobs for Tornado surrounding oil and gas production.

3.　The FLSA makes it clear that these types of technical and manual labor job duties are non-exempt duties, and therefore require overtime pay.

4.　Tornado, however, does not pay overtime to its Hands and Engineers. Tornado maintains a compensation system consisting of a salary and job bonus, regardless of the number of hours worked.

5. Further, Tornado requires its employees to work at least 12 hours a day, 7 days a week, for a minimum of 84 hours total (at least 44 hours of unpaid overtime in a single work week).

6. Plaintiff Lamar Dale ("Dale") worked for Tornado as a Hand and Engineer employee. Dale performed the technical and manual job duties described in this Complaint.

7. Because Dale worked Tornado's required schedule, he regularly worked 44+ hours of overtime in a week. Because he was not paid any overtime compensation, he filed this lawsuit to recover unpaid wages, liquidated damages, attorney fees, and costs owed to him under the FLSA.

8. Dale also seeks to represent all other similarly situated Hands and Engineers who performed similar job duties and were subjected to similar pay practices pursuant to the collective action provision of the FLSA. 29 U.S.C. § 216(b).

## JURISDICTION & VENUE

9. This Court has federal question jurisdiction under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

10. Venue is proper under 28 U.S.C. § 1391 since a substantial part of the events giving rise to this claim occurred in this District and Division.

11. Dale lives in Corpus Christi, Texas.

12. Tornado maintains an office in Orange Grove, Texas.

## PARTIES

13. Dale was employed by Tornado within the past three years as a Hand and Engineer, performed technical and manual job duties in the oil field, and was paid a salary and job bonus without overtime for all hours worked in excess of 40 in a workweek. His consent to be a party plaintiff is filed along with this complaint as Exhibit A.

14. The FLSA Class was subjected to the same "salary plus job bonus" pay policy as Plaintiff and is properly defined as:

**All Hands and Engineers employed by Tornado in past 3 years.**

The identity of the members of the FLSA Class are easily ascertainable from Tornado's business records, particularly its personnel records.

15. Tornado Production Services, L.L.C. is a Texas Limited Liability Company. It may be served with process through its registered agent Professional Directional Enterprises, Inc. at 750 Conroe Park North Drive, Conroe, Texas 77305.

## FACTS

16. Tornado operates nationwide with offices in Orange Grove, Midland, and Conroe, Texas; Stonewall, Louisiana; Evansville, Wyoming; Morgantown, West Virginia; Oklahoma City, Oklahoma; and New Castle, Pennsylvania. *See* http://www.tornadoservices.com/locations-2/; https://www.youtube.com/watch?t=199&v=JuiYPQEbLko.

17. Tornado does more than $1,000,000 in business each year.

18. Since "virtually every enterprise in the nation doing the requisite dollar volume of business is covered by the FLSA[,]" *Dunlop v. Industrial America Corp.*, 516 F.2d 498, 501–02 (5th Cir.1975), it would be silly for an employer with multi-state operations like Tornado to waste this Court's time arguing it is not a covered enterprise.

19. Tornado hired Plaintiff, paid him, and controlled his pay (by, among other things, controlling when and where he would work).

20. Tornado employed Plaintiff within the meaning of the FLSA.

21. Tornado's main business is providing drilling fluid equipment and services to the oil and gas industry, which are used during the various stages of drilling and production to lubricate, clean, and maintain the well hole. *See* http://www.tornadoservices.com/services/specialty-chemicals/

22. Hands and Engineers work for Tornado to perform drilling fluid services.

23. While Hands and Engineers have different job titles, the only difference between the two are tenure.

24. Tornado does not use the term Engineer to designate employees who hold advanced degrees.

25. Engineers were not required to have any degree or certification.

26. Hands were not required to have any degree or certification.

27. Tornado trained its employees to use its tools and equipment in accordance with its strict policies and procedures.

28. Tornado predetermines the daily duties of its Hand and Engineers and requires compliance to a very high level of quality only obtained through direct supervision of its Hands and Engineers by management level employees to ensure "operators can trust and rely on [Tornado] for successful well completion." *See* http://www.tornadoservices.com/services/engineering-services/.

29. Indeed, Engineers and Hands must do their job the "Tornado way."

30. Tornado requires its Hands and Engineers work for at least 12 hours a day, up to 7 days a week.

31. This schedule regularly results in 84+ hours worked in a week.

32. Hands and Engineers are regularly preparing fluids, operating mixing plants, and filtering the frac water during the various stages of completion.

33. Hands and Engineers also use wrenches, screwdrivers, and hammers to change filters, perform maintenance on equipment, string together pipe connections, and generally rig up and rig down equipment.

34. These job duties also result in a lot of heavy lifting. Hands and Engineers end up removing significant amounts of drilling debris and waste from the fluid filtering process. They are charged with carrying such byproducts and disposing of them. https://www.youtube.com/watch?t=199&v=JuiYPQEbLko.

35. As one of the hundreds of employees of Tornado, Dale performed the duties described above and was not paid overtime for any hour worked in excess of 40 hours in a single workweek.

36. As a result, Dale and the other Hands and Engineers like him are entitled to time and a half for all hours worked in excess of 40 in single week under the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

37. Dale brings this claim under the FLSA as a collective action. 29 U.S.C. § 216(b).

38. The members of the FLSA Class are similarly situated to Dale in all relevant respects.

39. The same policy that caused Dale to be denied overtime pay caused Tornado's other Hands and Engineers to be denied overtime pay as well.

40. While the precise job duties performed by the FLSA Class might vary somewhat, these differences don't matter for the purposes of determining their entitlement to overtime.

41. Nor do any differences in job duties matter for determining whether Tornado's policy of denying overtime pay to those who perform largely technical and manual labor is legal (which, it isn't).

42. The members of the FLSA Class are all entitled to overtime after 40 hours in a week.

43. Because Tornado uniformly did not pay overtime to its Hands and Engineers, Plaintiff and the FLSA Class are similarly situated within the meaning of 29 U.S.C. § 216(b).

44. Tornado employed more than 100 employees like Plaintiff in the United States during the past 3 years.

45. These workers, who are members of the FLSA class, are geographically disbursed, residing and working in multiple states.

46. Because these workers do not have fixed work locations, these individuals may work in different states in the course of a given year.

47. Absent a collective action, many members of the FLSA Class likely will not obtain redress for their injuries and Tornado will retain the proceeds of its violations of the FLSA.

48. Furthermore, individual litigation would be unduly burdensome to the judicial system.

49. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.

## CAUSE OF ACTION
### Violation of the FLSA

50. At all relevant times, Tornado has been an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA.

51. Tornado employed Plaintiff and each member of the FLSA Class.

52. Tornado's pay policy denied Plaintiff and the FLSA Class overtime compensation as required by the FLSA.

53. Tornado's failure to pay Plaintiff and the FLSA Class overtime for primarily technical and manual labor work violates the FLSA.

54. Tornado's conduct, as described herein, was in willful violation of the FLSA.

55. Due to Tornado's FLSA violations, Plaintiff and the FLSA Class are entitled to recover from Tornado their unpaid overtime compensation, liquidated damages, reasonable attorney fees, costs, and expenses of this action.

## JURY DEMAND

56. Plaintiff demands a trial by jury.

## PRAYER

WHEREFORE, Plaintiff prays for:

    a. An order designating this lawsuit as a collective action and authorizing notice pursuant to 29 U.S.C. § 216(b) to the FLSA Class to permit them to join this action by filing a written notice of consent;

    b. A judgment against Tornado awarding Plaintiff and the FLSA Class all their unpaid overtime compensation and an additional, equal amount, as liquidated damages;

    c. An order awarding attorney fees, costs, and expenses;

    d. Pre- and post-judgment interest at the highest applicable rates; and

    e. Such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: */s/ Andrew W. Dunlap*
    **FIBICH, LEEBRON, COPELAND,**
    **BRIGGS & JOSEPHSON**
    Michael A. Josephson
    Fed. Id. 27157
    State Bar No. 24014780
    Andrew W. Dunlap
    Fed Id. 1093163
    State Bar No. 24078444
    Lindsay R. Itkin
    Fed Id. 1458866
    State Bar No. 24068647
    Jessica M. Bresler
    Fed Id. 2459648
    State Bar No. 24090008
    1150 Bissonnet
    Houston, Texas 77005
    713-751-0025 – Telephone
    713-751-0030 – Facsimile
    mjosephson@fibichlaw.com
    adunlap@fibichlaw.com
    litkin@fibichlaw.com
    jbresler@fibichlaw.com

    **AND**

    **BRUCKNER BURCH PLLC**
    Richard J. (Rex) Burch
    Texas Bar No. 24001807
    8 Greenway Plaza, Suite 1500
    Houston, Texas 77046
    713-877-8788 – Telephone
    713-877-8065 – Facsimile
    rburch@brucknerburch.com

    **ATTORNEYS IN CHARGE FOR PLAINTIFF**